## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RICHARD HENRY CEREZO, JR.,**

        **Plaintiff,**

**v.**                                    **Case No: 6:20-cv-2001-ACC-EJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Unopposed Motion for Attorney's Fees (the "Motion"), filed November 5, 2021. (Doc. 33.) Therein, Plaintiff seeks an award of attorney's fees amounting to $2,390.83 and paralegal fees in the amount of $1,200.00, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner has no objection to the requested relief. (*Id.* at 11.) Upon consideration, I respectfully recommend that the Motion be Granted.

### I.    BACKGROUND

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) On August 25, 2021, the Commissioner filed a motion for unopposed remand, which this Court granted, reversing the final decision and remanding the case to the Commissioner for further proceedings. (Docs. 30–32.) Thereafter, Plaintiff filed the instant Motion,

requesting $3,590.83 in attorney's fees. (Doc. 33.) The Motion includes a schedule of the attorneys' billable hours to support the application. (*Id.* at 12–14.) Plaintiff also provided a copy of his retainer agreement, which assigns his EAJA fees to his counsel. (Doc. 33-1.) In light of the assignment, Plaintiff requests that the EAJA fees be paid directly to his counsel, so long as the United States Department of the Treasury determines that Plaintiff does not owe a federal debt. (Doc. 33 ¶ 9.)

## II.   DISCUSSION

### A. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees; and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Docs. 31, 32.) Further, the request for fees was timely since it was filed within 30 days from entry of the final judgment after the period for appeal had expired. (Docs. 32, 33); *Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that his net worth was less than two million dollars at the filing of the complaint and that the Commissioner's position

---

[1] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

was not substantially justified.[2] (Doc. 33 ¶ 7.) Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### B. Reasonableness of the Attorney's Fee

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*, 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

---

[2] Since the Commissioner has not objected to the Motion, the Court shall accept the Plaintiff's representations.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff's counsel expended 1.8 hours in 2020 and 9.7 hours in 2021 for a total of 11.5 hours in EAJA-related representation in this case. (Doc. 33 ¶ 8.) After reviewing a description of the activities performed in relation to this matter, the Court determines that 11.5 hours is reasonable in this case. The majority of the time was spent preparing the Plaintiff's portion of the joint memorandum (8 hours). (*Id.* at 12–

13.) Plaintiff's counsel spent the remaining 2.8 hours conferring with Plaintiff about the federal appeal, preparing the Complaint, reviewing docket activity (orders, the Commissioner's Answer, etc.), reviewing the proposed remand, and drafting the Motion. (*Id.*) None of these activities appears to be clerical, secretarial, or excludable as unnecessary.

With regard to the hourly rate, Plaintiff is requesting an award of $203.43 and $208.73 per hour for work done in 2020 and 2021, respectively. (Doc. 33 at 7.) Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience and reputation in the Orlando area exceeds $125 per hour.[3] Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed their work on this case justifies an upward adjustment from $125. Based on Plaintiff's representations, he used the average CPI for the Southern region of the United States, which the Court finds most accurately reflects the increase in the cost of living in the Orlando area.[4] *See Zapata-Reyes v. Commissioner*, No. 6:18-cv-976, Doc. 29 at 5–6 (M.D. Fla. Oct. 4, 2019); *Alzamora v. Commissioner*, No. 6:18-cv-618, Doc. 28 at 5–6 (M.D. Fla. Oct. 4, 2019). Thus, the amount of attorney's fees Plaintiff is entitled to is $2,390.83.

---

[3] Plaintiff is represented by Richard A. Culbertson and Sarah P. Jacobs. Though neither Mr. Culbertson nor Ms. Jacobs provided an affidavit about their experience or customary rate, they are known in the legal community as specialists in social security law, reflected by their numerous appearances in social security cases before this Court.

[4] The CPI index for the United States can be found at https://data.bls.gov/cgi-bin/surveymost?cu.

### C. Reasonableness of the Paralegal Fee

The Supreme Court in *Richlin Security Service Company v. Chertoff* held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." 553 U.S. 571, 590 (2008). Here, Plaintiff seeks compensation for paralegal time in this case amounting to 16.0 paralegal hours at a rate of $75 per hour. (Doc. 33 at 7.) Several courts in this District have awarded paralegals and non-admitted attorneys $75.00 per hour. *See Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018), at *1 (citing cases). Here, because the Commissioner did not object to the rate of $75 for a paralegal and because the rate does not exceed the statutory maximum, the undersigned recommends that the Court award fees at the rate of $75 per hour. Thus, the undersigned finds that Plaintiff is entitled to $1,200 in paralegal fees.

## III.   RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT** the Motion (Doc. 33); and

2. **AWARD** Plaintiff attorney's fees in the amount of $2,390.83 and paralegal fees in the amount of $1200.00.

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on December 17, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record